STEVEN M. SELNA (SBN 133409)
Steven.Selna@dbr.com
ANNA YEUNG (SBN 294174)
Anna.Yeung@dbr.com
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500

Attorneys for Defendants
JANSSEN PHARMACEUTICALS, INC.,
and JOHNSON & JOHNSON

Kenechi R. Agu (SBN 279846)
kagu@kralegal.com
Law Offices of Kenechi R. Agu
3655 Torrance Blvd, Suite 300
Torrance, CA 90503
Telephone: (213) 431-9875

Bryan E. Johnson (SBN 289875)
bejohnsonlaw@gmail.com
Law Office of Bryan E. Johnson
PO Box #6
Bellflower, CA 90706
Telephone: (213) 804-7826

Attorneys for Plaintiffs
VERNON A. THOMPSON, JR.,
and FLORIA M. GRIFFIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON A. THOMPSON, JR., AND FLORIA M. GRIFFIN, <br><br> Plaintiffs, <br><br> v. <br><br> JANSSEN PHARMACEUTICALS, INC. ALSO KNOWN AS ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICAL, INC.; JANSSEN LP; JOHNSON & JOHNSON, INC.; AND "JOHN DOES" 1-5 (SAID NAMES BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN), IN THEIR | Case No. 2:16-CV-02628-PSG (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER
89881450.1

CASE NO. 2:16-CV-02628-PSG-AGR

INDIVIDUAL AND OFFICIAL CAPACITIES,

Defendants.

**WHEREAS** the Parties stipulate and agree that a Protective Order is necessary for the production of certain documents in this case;

**WHEREAS** numerous personal injury cases relating to Risperdal® filed against Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson throughout the State of California have been coordinated before Hon. William F. Highberger in Los Angeles County Superior Court, known as *Risperdal® and Invega® Product Liability Cases*, JCCP No. 4775;

**WHEREAS** a Protective Order in the JCCP No. 4775 coordinated action has been entered by the coordination judge titled "CMO No. 3 Stipulation and Protective Order" (hereinafter "JCCP Protective Order"); and

**WHEREAS**, in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded to material so entitled, the Parties agree that adopting the JCCP Protective Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c), and will promote efficiency and consistency in the production of documents.

**IT IS HEREBY STIPULATED** by and between Plaintiffs Vernon A. Thompson and Floria M. Griffin and Defendants Janssen Pharmaceuticals, Inc. (erroneously named in the complaint as "Janssen Pharmaceuticals, Inc. also known as ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.," erroneously also named in the complaint as "JANSSEN PHARMACEUTICAL, INC.," and incorrectly designated as "JANSSEN LP"[1]), and Johnson & Johnson (erroneously

---
[1] Effective December 31, 2007, as a result of reorganization, Janssen, L.P. (incorrectly named in the complaint as Janssen LP) was cancelled. On June 22,

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

named in the complaint as "JOHNSON & JOHNSON, INC.") (collectively, the "Parties"), by and through their respective counsel of record, that the Parties adopt the substance of the JCCP Protective Order, and stipulate as follows:

    1.    In this Stipulation and Protective Order ("Stipulated Protective Order"), the words set forth below shall have the following meanings:

        a.    "Proceeding" means the above-entitled proceeding (Case No. 2:16-CV-02628-PSG-AGR).

        b.    "Court" means the Hon. Philip S. Gutierrez, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceeding.

        c.    "Confidential" means any information which is in the possession of a Designating Party that believes in good faith that such information is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and applicable law.

        d.    "Confidential Materials" means any Documents, Testimony or Information as defined below and designated as "Confidential."

        e.    "Designating Party" means the Party that designates materials as "Confidential."

        f.    "Disclose," "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

        g.    "Documents" means (i) any "writing," "original," and "duplicate" as those terms are defined by Rule 1001 of the Federal Rules of Evidence, which have been produced or provided in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

---

2011, Ortho-McNeil-Janssen Pharmaceuticals, Inc. changed its name to Janssen Pharmaceuticals, Inc.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Documents shall be construed in the broadest sense of the word to include

2  electronically stored information or tangible things, medical records, responses to

3  discovery requests, deposition testimony or transcripts, and other materials.

4              h.     "Information" means the content of Documents or Testimony.

5              i.     "Testimony" means all depositions, declarations or other

6  testimony taken or used in this Proceeding.

7        2.    The Designating Party shall have the right to designate as

8  "Confidential" any Documents, Testimony or Information that the Designating

9  Party in good faith believes to contain non-public information that is entitled to

10 confidential treatment under Federal Rule of Civil Procedure 26(c) and applicable

11 law.  Information that the Designating Party deems highly sensitive because it

12 constitutes trade secrets may be redacted from documents produced in discovery

13 provided that the Designating Party maintains a full and complete copy of each

14 such document (without such redactions).

15       3.    The entry of this Stipulation and Protective Order does not alter, waive,

16 modify, or abridge any right, privilege or protection otherwise available to any

17 Party with respect to the discovery of matters, including but not limited to any

18 Party's right to assert the attorney-client privilege, the attorney work product

19 doctrine, or other privileges, or any Party's right to contest any such assertion.

20       4.    Any Documents, Testimony, or Information to be designated as

21 "Confidential" must be clearly so designated before the Document, Testimony or

22 Information is Disclosed or produced.  The "Confidential" designation should not

23 obscure or interfere with the legibility of the designated Documents, Testimony or

24 Information.

25              a.     For Documents (apart from transcripts of depositions or other

26 pretrial or trial proceedings), to the extent reasonably feasible, the Designating

27 Party must affix the following language or similar legend stamped on the face of

28 the writing, or shall otherwise have such language clearly marked:

"CONFIDENTIAL/PRODUCED IN LITIGATION PURSUANT TO PROTECTIVE ORDER".

   b. For Testimony given in depositions the Designating Party may either: (i) identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential"; or (ii) designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page a "Confidential" legend as instructed by the Designating Party.

   c. For any other tangible items, including, without limitation, compact discs, or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored a legend indicating that the material is Confidential. If only portions of the Information or item warrant protection, upon request and to the extent practicable, the Designating Party shall identify the "Confidential" portions.

  5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production,

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the

Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objections applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. this Court and any members of its staff to whom it is necessary to disclose the information;

    b. (i) the named Parties and attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; and (ii) in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel;

    c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

///

///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER - 6 - CASE NO. 2:16-CV-02628-PSG-AGR

        d.      court reporters, videographers, and members of their staff used in taking or assembling deposition or trial testimony in this Proceeding (whether at depositions, hearings, or any other proceeding) and any outside independent reproduction firm, or any technical or technology services firm rendering services for a Party in the Proceeding;

        e.      any deposition, trial, non-trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

        f.      any deposition, trial, non-trial or hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

        g.      mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

        h.      outside experts or consultants of any kind consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing or trial and to any person expected to testify at trial or at a deposition to the extent that the Confidential Material relates to his/her proposed testimony; provided, however, that prior to the Disclosure of Confidential Materials to any such expert, consultant or witness counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. Before Plaintiffs disclose any Confidential Material to any person identified in this Paragraph who is presently engaged as an employee, agent, or consultant of a Competitor of Defendants with responsibility for any antipsychotic medications (hereinafter referred to as "Competitor"), the procedures in this Paragraph shall be followed to assure that no Confidential Material is disclosed to any Competitor of Defendants. The person to whom the Confidential Material is disclosed shall make a good faith determination as to whether he or she is a Competitor. If the person determines himself or herself to be a Competitor, neither the Confidential Material nor the contents thereof shall be discussed with or disclosed to such person absent an agreement by the parties or order by the Court. Nothing in this provision shall be construed to prohibit Plaintiffs from seeking, or Defendants from opposing, an order from the Court allowing Plaintiffs to reveal Confidential Material to Competitors retained as experts on any grounds. If the person determines himself or herself not to be a Competitor, that person shall execute the Certification Re: Confidential Materials (Exhibit A). Counsel hiring that expert shall retain any such Certifications. If there is any dispute between Parties as to whether a person is a Competitor, any party may seek a ruling from the Court after meeting and conferring with opposing counsel. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

  i. any other person that the Designating Party agrees to in writing.

 8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business, competitive or other purpose whatsoever. All persons described in and/or

encompassed by this Stipulated Protective Order shall not, under any circumstances, sell, offer for sale, advertise, publicize, publish or use in any manner for competitive purposes any Confidential Material.

9. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

   a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order): (i) to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or (ii) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order. Plaintiffs' counsel shall provide a copy of the Stipulation and Protective Order to all new Parties and add-on Parties. No new Parties or add-on

Parties or their counsels will have access to, or be provided with any Confidential Materials until such time that they have executed this Stipulation and Protective Order.

12. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

///

///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER - 10 - CASE NO. 2:16-CV-02628-PSG-AGR

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party. Disclosure of Confidential Material other than in accordance with the terms of this Stipulated Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

17. Filing Confidential Materials. A Party that seeks to file under seal any Confidential Materials must comply with Civil Local Rule 79-5. The Parties acknowledge that this Stipulation and Protective Order does not entitle them to file Confidential Material under seal. Instead, pursuant to Civil Local Rule 79-5, the Parties must explain the basis for confidentiality of each Document sought to be filed under seal. Because a Party other than the Designating Party will often be seeking to file designated material, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filings is essential. Specifically, as provided in Civil Local Rule 79.5.2.2(b), at least three days before

seeking to file under seal a Document containing information previously designated as Confidential Material pursuant to this Protective Order, the Party seeking to file under seal must confer with the Designating Party as to the Confidential Material in an attempt to eliminate or minimize the need for filing under seal by means of redaction. If a Document, Testimony or Information cannot be suitably redacted by agreement, the Party seeking to file under seal may file an Application pursuant to Civil Local Rule 79.5.2.2(a). If a request to file Confidential Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Party may file the material in the public record, unless the Designating Party seeks reconsideration within four days of the denial, or as otherwise instructed by the Court. *See* Civil Local Rule 79.5.2.2(b)(i)-(ii).

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

///

///

1   21.  The terms of the Order shall survive and remain in effect after the termination of the Action.  The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of the Action.  The Court shall retain jurisdiction over the parties to the Order and any other person bound by the terms of the Order (including non-parties designating Discovery Material as Confidential Discovery Material) to enforce the terms thereof.

22.  After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

23.  The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

24.  This Stipulation and Protective Order may be executed in counterparts.

*///*
*///*
*///*
*///*
*///*
*///*
*///*

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated: August 16, 2017  DRINKER BIDDLE & REATH LLP

By: */s/ Steven M. Selna*
Steven M. Selna
Anna Yeung

Attorneys for Defendants
JANSSEN PHARMACEUTICALS, INC.
and JOHNSON & JOHNSON

Dated: August 18, 2017

By: /s/ Bryan E. Johnson
Kenechi R. Agu
Bryan E. Johnson

Attorneys for Plaintiffs
VERNON A. THOMPSON, JR., and
FLORIA M. GRIFFIN

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:**

Dated: August 23, 2017

*Alicia G. Rosenberg*

Honorable Alicia G. Rosenberg
United States Magistrate Judge

# ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 18, 2017        DRINKER BIDDLE & REATH LLP

By: */s/ Steven M. Selna*
    Steven M. Selna

Attorney for Defendants
JANSSEN PHARMACEUTICALS, INC.
and JOHNSON & JOHNSON

# EXHIBIT A

## CERTIFICATION RE: CONFIDENTIAL MATERIALS

I hereby acknowledge that I, _____,
am about to receive Confidential Materials supplied in connection with the
Proceeding, **VERNON A. THOMPSON, JR., ET AL. V. JANSSEN PHARMACEUTICALS, INC., ET. AL. (Case No. 2:16-CV-02628-PSG-AGR)**.
I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

///
///
///
///
///
///

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of \_\_\_\_, 20\_\_, at _____.

DATED:                          BY: _____
                                                     Signature

                                                     Title

                                                     Address

                                                    City, State, Zip

                                                    Telephone Number